*Bayard,* for the rule.
*Rogers, jr.,* contra.

—⇒≫◦◉◦≪⇐—

.HARVEY BELCHER *vs.* ADAM GRUBB.

A debt due by judgment and execution levied, is subject to the process of foreign attachment; and the court will stay the execution until appearance.

JUDGMENT, November term, 1846. Fi. fa. issued May 5, 1847, for $265 62, "levied on goods, &c., per inventory and appraisement."

On affidavit filed January 2, 1847, that a sum exceeding $50 was due from Harvey Belcher, a non-resident, to Wm. Amor, a foreign attachment was issued to May term, 1847, and laid in the hands of the defendant, Adam Grubb, on the same day. The garnishee appeared May 13, 1847, and answered, that at the time of attachment laid, he was indebted to Harvey Belcher for a judgment obtained against him at suit of said H. B., at the last November term; amount to be ascertained by the prothonotary, and which amount was ascertained on the 5th of May, 1847, to be $265 62, debt and interest, on which an execution fi. fa. issued the same day, and was levied on the garnishee's goods, &c., to the amount; but said goods have not been sold, and said amount is still (otherwise) due and unpaid. After this answer was made, *Patterson,* for the defendant in this exe-

cution, obtained a rule to show cause why this fi. fa. and levy should not be set aside.

*Wales,* showed for cause, that a debt due by judgment on which a fi. fa. has issued, could not be attached. After judgment against Grubb, and a fi. fa. levied, his goods were in the sheriff's hands, and the court would not allow a third person to interfere and arrest the execution process, unless on some allegation that the judgment has been paid. Money in the sheriff's hands cannot be attached.

The attaching creditor in this case has no judgment which he can claim to set-off against this execution; nor any right to disturb the process in the sheriff's hands.

*Patterson.*—The policy of our attachment law is to compel an appearance by arresting the payment of the defendant's debts by attachment, as well as by seizing his goods. A judgment debt as well as any other is attachable. (*Dig.* 46.)

I agree that money cannot be attached in the hands of a sheriff, for that would produce confusion and embarrassment in the administration of justice. The attachment law is a remedial law, and should be construed in extension of the remedy. (*Sergt. Attachments* 80-1; 2 *Dall.* 277; 8 *Gill & Johns.* 421.)

*Wales.*—Shall the plaintiff in an execution for $265 62, and interest, have his process arrested, and his judgment stand still, powerless, because his debtor has sworn that he is indebted to a third person in a sum exceeding $50, and attached the whole debt in his own hands? It does not appear that anything is due from Harvey Belcher to Wm. Amor. And must the whole of this debt be locked up until the trial term of the attachment? Can the court direct an issue; and how?

*By the Court.*—The object of the attachment will be answered, and this motion avoided by an appearance. The plaintiff in the execution is a non-resident, and owes one of our citizens more than $50, as appears by an affidavit at the suit of Wm. Amor; who issues a foreign attachment to compel Mr. Belcher to appear and answer his claim; and as the only mode of securing that appearance, he attaches the debt due to Belcher from Grubb, which debt is within our jurisdiction, and recoverable only by the aid of our process. Is there anything unreasonable in staying the use of our process, for such a purpose, until Belcher appears to Amor's suit? If Belcher had property here, real or personal, we would attach it, and if necessary, sell it to compel an appearance; and why not attach his credits as well as other property? And why not credits in the

form of judgment or execution, as well as other choses in action? We cannot perceive any reason why Mr. Belcher shall be permitted to use the process of law to collect his debts here, while he refuses to appear to sworn demands against him; nor any reason why his credits shall not be attached as well as other property. The attachment law extends to " goods and chattels, rights and credits, lands and tenements in whose hands or possession soever they may be."

It is ordered that proceedings on this fi. fa. be stayed until the attachment be dissolved; and, on the exhibition of Amor's cause of action, the bail in that case is reduced to $200.

*Wales*, for plaintiff.

*Patterson*, for defendant.